1  David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
2  **Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
3  Phoenix, AZ 85016
Telephone: (602) 265-3332
4  Facsimile:  (602) 230-4482

5  Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
6  **Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
7  Phoenix, AZ 85016
Telephone: (800) 400-6808
8  Facsimile:  (800) 520-5523

9  *Attorneys for Plaintiff*

10

11

12

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

13  **Dacia Pryor,**

14                                    Plaintiff,

15                              v.

16

17  **Trans Union, LLC, Avant, Inc., and Synchrony Bank,**

18

19                              Defendants.

20

21

22

23

24

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:**

**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**

**JURY TRIAL DEMANDED**

### INTRODUCTION

25

26    1. The United States Congress has found the banking system is dependent upon

27       fair and accurate credit reporting.  Inaccurate credit reports directly impair

28       the efficiency of the banking system, and unfair credit reporting methods

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. DACIA PRYOR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRANS UNION, LLC ("Trans Union"), AVANT, INC. ("Avant"), and SYNCHRONY BANK ("Synchrony") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint

COMPLAINT                                         2

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Trans Union is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Avant is a corporation doing business in the State of Arizona.

14. Defendant Synchrony Bank is a bank doing business in the State of Arizona.

15. Defendants Avant and Synchrony Bank are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

16. Defendant Trans Union is a national credit reporting agency, doing business in Arizona, with a principal place of business in Delaware.

## GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

18. At all times relevant, Defendants conducted business in the State of Arizona.

19. On or about March 17, 2015, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Arizona in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 2:15-cv-02837 (the "Bankruptcy").

20. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

21. On or about June 29, 2015, Plaintiff received a Bankruptcy discharge.

22. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

23. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

24. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

26. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

27. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

28. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## Avant Misreported Credit Information

29. In a Trans Union credit report dated August 8, 2015, Avant reported the following inaccurate, derogatory information:

- Account #1239****: Pay Status: "Account 120 Days Past Due Date."

30. Avant should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

31. On or about August 12, 2015, Plaintiff disputed Avant's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Avant.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union (the "Trans Union Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #1239****: This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona.  There should be no derogatory reporting after the filing date. Specifically, please remove the Pay Status,

1

2

3

which is currently reporting as "Account 120 Days Past Due Date."

4

33. The Trans Union Dispute Letter further requested that Trans Union:

5

6

7

8

9

10

11

12

13

14

15

16

17

• Immediately delete this account and the disputed derogatory information from my credit report.The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

• If [Trans Union] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

18

19

20

34. Upon information and belief, Trans Union timely notified Avant of Plaintiff's dispute, but Avant continued reporting derogatory information.

21

22

23

35. Avant and Trans Union were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

24

25

26

36. On or around August 2015, Plaintiff received notification from Trans Union that Avant and Trans Union received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

27

28

COMPLAINT                                                                 6

37. Subsequently, on or around September 5, 2015, Plaintiff requested an updated Trans Union report online to verify information on her report had been corrected.

38. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Avant and Trans Union simply left derogatory information on Plaintiff's report. Specifically, Avant and Trans Union reported the following inaccurate, derogatory information:

   - Account #1239****: Pay Status: "Account 120 Days Past Due Date."

39. Avant and Trans Union, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

40. Avant and Trans Union failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

41. Due to Avant and Trans Union's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

42. Plaintiff's continued efforts to correct Avant and Trans Union's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Avant and Trans Union were fruitless.

43. Avant and Trans Union's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

44. Avant and Trans Union's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

COMPLAINT 7

45. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Avant and Trans Union failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Synchrony Bank Misreported Credit Information

46. In a Trans Union credit report dated August 8, 2015, Synchrony reported the following inaccurate, derogatory information:

- Account #601919260116****: Pay Status: Charged Off.

47. Synchrony should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

48. On or about August 12, 2015, Plaintiff disputed Synchrony's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

49. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union (the "Trans Union Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the Pay Status, which is currently reporting as "Charged Off."

50. The Trans Union Dispute Letter further requested that Trans Union:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Trans Union] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

51. Upon information and belief, Trans Union timely notified Synchrony of Plaintiff's dispute, but Synchrony continued reporting derogatory information.

52. Synchrony and Trans Union were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

53. On or around August 2015, Plaintiff received notification from Trans Union that Synchrony and Trans Union received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

54. Subsequently, on or around September 5, 2015, Plaintiff requested an updated Trans Union report online to verify information on her report had been corrected.

55. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Synchrony and Trans Union simply left derogatory information on Plaintiff's report.  Specifically, Synchrony and Trans Union reported the following inaccurate, derogatory information:

- Account #601919260116****: Pay Status: Charged Off.

56. Synchrony and Trans Union, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

57. Synchrony and Trans Union failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to Synchrony and Trans Union's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. Plaintiff's continued efforts to correct Synchrony and Trans Union's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Synchrony and Trans Union were fruitless.

60. Synchrony and Trans Union's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

61. Synchrony and Trans Union's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Synchrony and Trans Union failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

COMPLAINT                                          10

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

66. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

///

///

///

///

COMPLAINT                                11

1

2

3

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 ET SEQ. (FCRA)

4

5

6

7

8

9

10

11

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

12

13

## TRIAL BY JURY

14

15

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

16

17

Dated: October 9, 2015                              Respectfully submitted,

18

19

20

BY: /s/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
ATTORNEY FOR PLAINTIFF

21

22

23

24

25

26

27

28

COMPLAINT                              12